**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LOUMAR, INC.<br><br>Plaintiff,<br><br>v.<br><br>MUNICIPALITY OF CAGUAS; PUERTO RICO PLANNING BOARD; INSURANCE COMPANY XYZ; JOHN & JANE DOE.<br><br>Defendants. | CIVIL NO.<br><br>VIOLATION OF SECTION 1983 OF THE CIVIL RIGHTS ACT OF 1871; VIOLATION OF THE TAKINGS CLAUSE OF THE FIFTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES; VIOLATION OF THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES; UNJUST ENRICHMENT; TORTS;<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

### COMPLAINT

**TO THE HONORABLE COURT:**

Plaintiff, LOUMAR, INC., through its undersigned counsel, respectfully states and prays as follows:

### PRELIMINARY STATEMENT AND FACTS OF THE CASE

1. Loumar, Inc. ("Loumar") owns a 56.6635 *cuerdas* (approximately 222,710 sq. mts.)[1] property located south of State Highway PR-765 in the Borinquen Ward of Caguas (the "Property"). The land registry number assigned to said Property is 277-000-002-06. It was acquired on July 11, 2007 with the purpose of developing housing developments similar to those approved and built along Highway PR-765 at the time of the acquisition and on both sides of plaintiff's property.

2. Between 1991 and 1998, multiple consultations for developments were filed for properties along Highway PR-765 in the Borinquen Ward of Caguas. The

---

[1] Note that one "cuerda" equals 3930.396 square meters; that is, just about 98% of an acre. See Culebras Enterprises Corp. v. Rivera Rios, 846 F.2d 94, 95 (1st Cir. 1988).

1

Puerto Rico Planning, Urbanization, and Zoning Board (the "Planning Board") approved the requests between 1992 and 2007, despite objections from the Puerto Rico Department of Agriculture. Authorizations for these requests occurred before and after the approval of the Territorial Plan of the Municipality of Caguas on July 28, 1998.

3.     Upon obtaining an option to purchase the Property in 2005, Loumar submitted a consultation to the Planning Board, for approval of the development of a social interest project (Consultation 2005-46-0867-JPU-MA). At that time, the Property was classified as specially protected rustic land and an RA-1 district, for agricultural uses, the same as the land where a housing development had been approved to the west of the Property.

4.     Although initially the Department of Agriculture voiced its objection to the proposed development, upon reconsideration it withdrew its objection and held that the Property was no longer suited for agricultural use, as it had housing developments on both sides.

5.     Nonetheless, the Planning Board denied the consultation for the single reason that the Property was still classified by the Municipality of Caguas ("Municipality") as specially protected rustic land in the Municipality's Territorial Plan.

6.     Subsequently, on September 30, 2011, the Municipality informed Plaintiff that after analyzing the situation, it would include 46.95 *cuerdas* of the Property as Urban Land and would classify it R-I for intermediate residential uses, maintaining the ravine that runs through the Property and its margins, with an area of 3.05 *cuerdas*, classified as Specially Protected Rural Land (SREP).

2

**7.**    The Municipal Legislature of Caguas, through Ordinance Number 12A-29, Series 2011-2012, on January 31, 2012, approved the Comprehensive Review of the Territorial Plan, and the Mayor, Hon. William Miranda Torres, approved it on February 3, 2012. Said Comprehensive Review was remitted to the Planning Board who adopted it on May 2, 2013.

**8.**    In 2018, Loumar filed an application to build 251 single-family residential units on the Property that the Municipality had indicated was reclassified as urban land with an R-I district, intermediate residential.

**9.**    To Plaintiff's surprise, on March 16, 2022, the Municipality unexpectedly informed the Permit Management Office of the Department of Economic Development and Commerce, as part of its analysis of environmental document 2018-249944-DEA-007720, that the classification and rating that Loumar had been informed of was not valid and that **now** the property would be classified again, as **specially protected rustic land - agricultural** and was qualified for general agriculture. This, notwithstanding the fact that the Department of Agriculture had already contradictorily found that the Property was no longer suited for agricultural use.

**10.**    The classification of Specially Protected Rural Agricultural Land (SREP-A) and the corresponding qualification of a General Agricultural District (A-G) effectively prevents the development of the Borinquen ward from being completed and applies to the Loumar Property a classification and qualification that does not correspond to the characteristics and physical reality of the Property since at least 2006. The Property is no longer suitable for agriculture, regardless of the type of agricultural productivity of the land it has, according to a letter from the Department of Agriculture dated December

3

18, 2006, and it is now a vacant parcel surrounded by existing residential urban developments which are all classified as urban land.

11.    Subsequently, Plaintiff once again requested that the Municipality change the classification of the Property to the R-I district as it had done for all of the adjacent land south of State Highway PR-765 in the Borinquen Ward of Caguas.

12.    However, Loumar was informed by the Municipality, by letter dated March 16, 2022, that the Urban Land (SU) classification and the Intermediate Residential (R-I) classification that the Municipality had informed Loumar of in a letter dated September 30, 2011, had now changed.

13.    By refusing to approve the originally approved classification for the Property, Defendants effectively confiscated Plaintiff's property. Defendants have completely deprived Plaintiff of being able to develop, use and enjoy the Property and has neglected to afford Loumar the equal protection of the law it has afforded to all of the adjoining properties.

14.    Therefore, Plaintiff files this action against the Defendants pursuant to the following claims: violation of Section 1983 of the Civil Rights Act of 1871 ("Section 1983"), 42 USC sec. 1983, violation of the Takings Clause of the Fifth Amendment of the Constitution of the United States ("Fifth Amendment"), U.S. Const. amend. V, violation of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States ("Fourteenth Amendment"), U.S. Const. amend. XIV, unjust enrichment and general tort damages pursuant to the Puerto Rico Civil Code ("PRCC").

**15.** Plaintiff respectfully requests various remedies from this Honorable Court such as 1) an award for compensatory, punitive, double and liquidated damages for being deprived to develop, use and enjoy its Property, 2) declaratory, equitable and injunctive relief, and 3) any other relief which this Court may deem just. Additionally, Plaintiff respectfully requests that Defendants pay for all costs of this action, including attorneys' fees, costs, and/or expenses pursuant to the Federal Rules of Civil Procedures ("FRCP") and/or any other conforming law.

## JURISDICTION AND VENUE

**16.** The Court has subject matter jurisdiction over the claims asserted in this Complaint under 28 U.S.C. § 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. The present causes of action are brought under 42 U.S.C. § 1983 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Fifth Amendment and Fourteenth Amendment.

**17.** Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) to hear Puerto Rico constitutional law claims arising from the same nucleus of operative facts. Specifically, Plaintiff files this action pursuant to the Constitution of the Commonwealth of Puerto Rico, and Article 1536 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 10801, as amended.

**18.** Pursuant to 28 U.S.C. sec. 1391, venue is proper in the District of Puerto Rico because the events that gave rise to the causes of action occurred in this district and Defendants reside within this judicial district.

**19.** Plaintiff demands that all causes of action be tried before a jury.

5

**PARTIES**

20.    Plaintiff Loumar, Inc. is a for profit corporation duly organized and existing under the Laws of Puerto Rico, having its principal place of business in Guaynabo, Puerto Rico.

21.    Co-Defendant Municipality of Caguas is a municipality within the Commonwealth of Puerto Rico. The Municipality has the capacity to sue and be sued.

22.    Co-Defendant Puerto Rico Planning Board is an agency organized under the laws of Puerto Rico and is considered a person for purposes of the Federal Civil Rights Act, 42 USC § 1983. Defendant PRPB has the legal capacity to sue and be sued.

23.    Co-Defendant, Insurance Company XYZ ("Insurance Company XYZ"), held an insurance policy in favor of the Municipality. At the time of the incidents described herein, Plaintiff believes that Insurance Company XYZ held an insurance policy in favor of the Municipality, specifically to cover all claims included in this complaint. Plaintiff reserves the right to amend the Complaint when more information is obtained.

24.    Co-Defendants, John & Jane Doe ("Doe"), is another agent, supervisor, official or director who is affiliated with the Municipality, who directed and had knowledge of Defendant's acts or omissions of which Plaintiff is complaining. Their current address is unknown. Plaintiff reserves the right to amend the Complaint if more information is obtained.

6

## COUNT I
## (EQUAL PROTECTION)

25.    Paragraphs 1 through 24 of this Complaint are incorporated by reference as if fully set forth herein.

26.    Between 1991 and 1998, multiple consultations for developments were filed for properties along Highway PR-765 in the Borinquen Ward of Caguas.

27.    The Planning Board approved the requests between 1992 and 2007, despite objections from the Puerto Rico Department of Agriculture. Authorizations for these requests occurred both before **and** after the approval of the Territorial Plan of the Municipality of Caguas on July 28, 1998.

28.    The approved residential developments closest to the Loumar Property are:

> i.   1991-46-1507-JPU – Approval of 33 residential lots with a minimum area of 500 square meters on a 20.0 *cuerdas* property (Villa Sauri III) approved on June 19, 1992.
>
> ii.  1993-46-0032-JPU – Consultation for a residential project with 57 units of 500 square meters on a 12.05 *cuerdas* property approved on June 16, 1993.
>
> iii. 1993-46-0831JPU – Consultation on the location for the development of 245 residential lots with an area of 350.00 square meters on a 82.38 acres property approved on January 24, 1995.
>
> iv.  1994-46-0348-JPU – Approval of Mixed residential (single-family and multi-family) approved October 25, 2007, despite the

objections of the Department of Agriculture and after holding a public hearing.

v. 1996-46-0464-JPUS – Approval of seven (7) residential lots of 604 to 2,003 square meters on a 5.50 *cuerdas* property. Approved August 14, 1996.

vi. 1996-46-1315-JPU – Approval of residential project of 206 units and 16 lots on a 43.50 *cuerdas* property approved September 17, 1997.

vii. 1998-46-0180-JPU – Approval of residential project of 62 lots of 900 square meters on a 29.98 *cuerdas* property.

29. The Loumar Property is currently surrounded by urban developments which are all now classified as urban land. See **Exhibit A, in block** attached hereto and made part hereof showing the location of the Loumar Property in the context of approved consultations for developments in its immediate boundaries.

30. By refusing to approve and/or by changing the classification for the Property, the Defendants have effectively confiscated Plaintiff's Property, by completely depriving Plaintiff of being able to develop, use and market the Property and has neglected to afford Loumar the equal protection of the law it has afforded to all of the adjoining properties with approvals.

**COUNT II**
**(SECTION 1983, FIFTH AMENDMENT, FOURTEENTH AMENDMENT)**

31. Paragraphs 1 through 30 of this Complaint are incorporated by reference as if fully set forth herein.

32.    By refusing to approve and/or by downzoning or in any way changing the classification of the Property, Defendants have effectively seized Plaintiff's Property, making it useless, thereby depriving Plaintiff of being able to develop, use and market the Property, and has neglected to afford Loumar the equal protection of the law it has afforded to all of the adjoining properties.

33.    These actions by Defendants are based on an illegal **downzoning** of this property with a valid land use consultation process ("consulta"), which has the effect of devaluing said property, a clear example and causal effect of a taking by the government without due process.

## COUNT III
### (Damages – 31 L.P.R.A. § 10801)

34.    Paragraphs 1 through 33 of this Complaint are incorporated by reference as if fully set forth herein.

35.    There is a clear and direct causal link between the tortious acts of Defendants and the damages claimed herein.

## DEMAND FOR TRIAL BY JURY

36.    Plaintiff requests and respectfully demands a trial by jury of all issues in this case triable of right by a jury.

37.    In the event that Defendants deny their negligence and liability for the events or omissions giving rise to the claims set forth in this action as well as Plaintiff's resulting injuries and damages, Plaintiff hereby requests the imposition of pre-judgment and post-judgment interest and attorney's fees in this case at the maximum rate allowed by law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the fair and reasonable sum of EIGHT MILLION DOLLARS ($8,000,000), together with interest, costs, and reasonable attorney fees, and for such other and further relief as may be appropriate under the circumstances.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 16TH day of March, 2026.

<u>s/David Efron</u>
**DAVID EFRON**
USDC-PR 125701
**LAW OFFICES OF DAVID EFRON, PC**
*Attorneys for Plaintiff*
PO Box 29314
San Juan, PR 00929-0314
Tel. 787-753-6455
Fax 787-758-5515
efron@davidefronlaw.com

10